UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| TODD SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00275-NT |
| | ) | |
| JOSEPH FITZPATRICK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Todd Sullivan, an inmate in the custody of the Maine Department of Corrections, alleges that Defendants maintain an unconstitutional policy that denies sex offenders access to a minimum security classification that would permit them to participate in the "Supervised Community Confinement Program," and that, as a consequence, they cannot enjoy the minimum security conditions or earn the related good time credits. On July 31, 2015, the Court granted Plaintiff's request to proceed in forma pauperis. (ECF No. 6.)

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-308 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious'

action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

In addition to the review contemplated by § 1915, because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires a court to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In his complaint, Plaintiff appears to maintain that he is entitled to some relief because the policy is discriminatory and thus its application constitutes a violation of due process or equal protection. As the many decisions upholding the constitutionality of state sex offender registration and notification acts reflect, sex offender status is not a suspect category for purposes of due process or equal protection and, therefore, policy decisions regarding sex offender status are subject to deferential review to determine whether a rational basis supports the decisions. *See e.g.*, *Doe v. Cuomo*, 755 F.3d 105, 113, 115 (2d Cir. 2014) (rejecting due process and equal protection claims by prisoner asserting he was entitled to a hearing to determine whether he was a sufficient threat to justify subjecting him to a sex offender registration requirement); *State v. Letalien*, 2009 ME 130, ¶ 50, 985 A.2d 4, 22 ("Protecting the public from potentially dangerous sex offenders is, without question, a compelling state interest in furtherance of the state's police powers."). The rational basis review precludes a finding that the denial of community release to prisoners convicted of sex offenses offends the Constitution. *Griffin v. Mahoney*, 243 Fed. App'x

221, 222 (9th Cir. 2007) (affirming summary dismissal under 28 U.S.C. § 1915A in case alleging denial of access to sex offender rehabilitation program and resulting ineligibility for parole).

Furthermore, to the extent that Plaintiff attempts to assert a more general claim about the prison conditions, the law does not recognize a constitutional right to due process unless the conditions imposed present an atypical and significant hardship in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Griffin*, 243 Fed. App'x at 222. Plaintiff has not alleged any facts that would support a finding of the existence of an atypical and significant hardship.

In short, Plaintiff has failed to state a claim upon which relief can be granted. Dismissal of Plaintiff's complaint is thus warranted.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court dismiss Plaintiff's action pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of August, 2015.