UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TODD SULLIVAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:15-cv-00275-NT |
| JOSEPH FITZPATRICK, et al., | ) ) ) |
| Defendants | ) |

**ORDER ON MOTION TO
AMEND COMPLAINT (ECF NO. 10)**

In this action, Plaintiff Todd Sullivan, an inmate in the custody of the Maine Department of Corrections, alleges that Defendants maintain an unconstitutional policy that denies sex offenders access to a minimum security classification that would permit them to participate in the "Supervised Community Confinement Program," and that, as a consequence, they cannot enjoy the minimum security conditions or earn the related good time credits.

The matter is before the Court on Plaintiff's request to amend the complaint. (ECF No. 10.) Plaintiff, who is proceeding pro se, did not sign the motion. Instead, Frank Inman, who purports to have Plaintiff's power of attorney, evidently authored and signed the pleading.

The law permits individuals who are not licensed to practice law to represent their interests in federal court. 28 U.S.C. § 1654. An unlicensed individual, however, cannot represent other individuals in court. With few exceptions not applicable here, "[n]o person who is not a member in good standing of the bar of this Court shall appear or practice before this Court on behalf of another person …" D. Me. Local Rule 83.1(c); *see also Berrios v. New York City Hous. Auth.*, 564 F. 3d 130, 132-33 (2d. Cir. 2009) (explaining that 28 U.S.C. § 1654 does not permit unlicensed individuals to represent others in federal court); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664

(9th Cir. 2008) (same).  In addition, the grant of a power of attorney does not convey upon a person the authority to represent another in court.  *James v. Daley & Lewis*, 406 F. Supp. 645, 647-648 & n.1 (D. Del. 1976) (company president who granted to himself a power of attorney on behalf of the company could not represent the company in court); *Williams v. United States*, 477 Fed. App'x 9, 11 (3d. Cir. 2011) (unpublished) (per curiam) ("[Representative's] power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court").

Because Plaintiff did not author and sign the request to amend the complaint, because to the Court's knowledge, Mr. Inman, the person who authored and signed the pleading, is not licensed to practice law, and because a power of attorney does not authorize a person to represent another in court, the request to amend the complaint is stricken.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of September, 2015.